UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 05 C 1758 ) |
| GRUNDY COUNTY, ILLINOIS, TERRI MARKETTI – SHERIFF OF GRUNDY COUNTY and DWAYNE LaMcMOMAS – DIRECTOR OF GRUNDY COUNTY JAIL, | ) Judge George M. Marovich ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ramon Hayes ("Hayes") filed a *pro se* complaint alleging that defendants denied him both access to the courts and movement, in violation of 42 U.S.C. § 1983. Defendants Grundy County, Sheriff Terri Marketti ("Marketti") and Grundy County Jail Director Dwayne LaMcMomas ("LaMcMomas") have moved to dismiss the complaint. Plaintiff has filed a motion in opposition to defendants' motion. For the following reasons, the Court denies plaintiff's motion and grants defendants' motion.

**I.     Background**

The following facts are taken from Hayes's complaint. From November 15, 2004 until January 27, 2005, Hayes was housed at the Grundy County Jail. Hayes has two complaints about his stay.

First, Hayes complains about the quality of the law library at the Grundy County Jail. Although he requested access immediately, Hayes was not allowed to visit the law library for one week after his incarceration commenced. Once there, Hayes found the law library to be inadequate in that it lacked up-to-date case reporters and books on procedure. Hayes believed that a particular case was vital to his defense, but he was unable to locate it in the jail law library. He asked his public defender (whom Hayes alleges to be "overworked") to find the case, but the public defender, too, was unable to find the case. Hayes alleges that the result of his and his

public defender's inability to locate the case was that Hayes "was forced to plead guilty" to a crime. Pleading guilty caused plaintiff "great distress, inconvenience and loss of money."

Second, Hayes complains that he lacked freedom of movement while he was detained. The allegations on this issue are sparse. They read:

> For a prolonged period of time while being held as a pretrial detainee, at Grundy County Jail, I was allowed almost no movement which adversely affected my health. The defendants individually and collectively showed deliberate indifference to my health and violated my due process rights.

(Plaintiff's Complaint at 7+).

## II.     Standard on a Motion to Dismiss

When considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

## III.    Discussion

### A.     Plaintiff's motion

After defendants moved to dismiss plaintiff's complaint, plaintiff filed a motion in opposition. Effectively, plaintiff's motion is a response brief to defendants' motion. Accordingly, the Court denies plaintiff's motion. To be clear, the Court notes that it is considering the arguments plaintiff made in his motion as though it were a brief in opposition to defendants' motion.

B.  **Defendants' motion to dismiss**

1.  **First Amendment Right of Access to the Courts**

In Count I, plaintiff pursues a claim under 42 U.S.C. § 1983 for violation of his First Amendment right of access to the courts. Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Plaintiff does not allege any on-going violation for which he seeks injunctive relief on his own behalf.[1] Rather, plaintiff alleges that his right to access was violated while he was incarcerated for roughly two and one half months in late 2004 and early 2005. Specifically, Hayes alleges that neither he nor his public defender were able to find a particular case Hayes claims he needed to defend himself. Hayes alleges that because he could not find the case, he was forced to plead guilty. The damages Hayes seeks are the damages caused by his guilty plea, i.e., distress and loss of money.

Because Hayes seeks damages caused by his guilty plea, his right-of-access claim runs smack into the *Heck v. Humphrey*, 512 U.S. 477 (1994) bar against such claims. In *Heck v. Humphrey*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-487.

Hayes's claim is similar to a claim the Seventh Circuit found to be barred. *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998). There, the Seventh Circuit noted:

---

[1]Hayes seeks, however, a consent decree to maintain an adequate law library at the jail. Because Hayes is no longer incarcerated at the Grundy County Jail, he lacks standing to pursue this relief.

> [Plaintiff] does not protest an ongoing hindrance or contend that another deprivation of legal materials is likely. He has been released from the state's custody. Only damages are available. But damages for what injury? If the injury in question is losing the underlying case, then *Heck v. Humphrey*, 512 U.S. 477 (1994) comes into play.

*Nance*, 147 F.3d at 591. Like Hayes, the plaintiff in *Nance* pleaded guilty to a crime. The alleged constitutional hindrance in *Nance* was the plaintiff's inability to adequately withdraw his plea. The Seventh Circuit concluded that his claim was barred because even if his attempt to withdraw his plea was hindered unconstitutionally, he would not be entitled to damages "unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion." *Nance*, 147 F.3d 589. Thus, the claim necessarily challenged the conviction and was barred by *Hicks*. As Hayes points out, if his suit would not *necessarily* challenge the conviction, it could proceed. But, here, as in *Nance*, Hayes's claim necessarily challenges the conviction. He has no claim for damages aside from the injury caused by his plea, and any judgment in plaintiff's favor on the § 1983 claim would imply that his conviction was invalid or improper. Because Hayes has not alleged that his conviction or sentence has already been invalidated, Hayes's claim is barred.

The Court grants defendants' motion to dismiss as to Count I of the complaint and dismisses the claim. This dismissal is without prejudice to Hayes's right to re-file the claim in the future should his conviction be invalidated.

### 1. Eighth Amendment Prohibition against Cruel and Unusual Punishment

In Count II, plaintiff alleges that while he was incarcerated at the Grundy County Jail, he was "allowed almost no movement" and that defendants "individually and collectively showed deliberate indifference to [his] health and violated his due process rights." Defendant Grundy County seeks to dismiss Count II against it because the municipality cannot be subjected to *respondeat superior* liability. The individual defendants seek to dismiss Count II against them due to the absence of allegations of their involvement in the alleged violation. The Court addresses these arguments in turn.

With respect to Grundy County, defendants are correct that a municipality "cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978) (emphasis in the original). It is not clear from plaintiff's complaint, however, that he seeks to hold the municipality liable on a *respondeat superior* theory. What is clear is that in *Monell v. Department of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978), the Supreme Court described the circumstances under which a municipality could be held liable under § 1983. The Supreme Court explained that it is:

> when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694. Thus, to state a claim under § 1983 against a municipality, a plaintiff must allege that:

> (1) the [county] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [county] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

*McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Nowhere in Count II does Hayes allege the requirements of a *Monell* claim. Accordingly, the Court dismisses Count II with respect to Grundy County.

Next, defendants Marketti and LaMcMomas argue that Hayes's Count II against them must be dismissed because Hayes fails to allege their personal involvement in the alleged constitutional violation. Individual liability under § 1983 "does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Sheik-Abdi v. McClellon*, 37 F.3d 1240, 1248 (7th Cir. 1994)). Nowhere in the complaint or in his response briefs does Hayes allege any personal involvement on the part of Marketti or LaMcMomas in the alleged constitutional violation. Accordingly, the Court dismisses Count II with respect to Marketti and LaMcMomas.

## IV. Conclusion

For the reasons set forth above, the Court denies plaintiff's motion in opposition to defendants' motion to dismiss. The Court grants defendants' motion to dismiss. Counts I and II are dismissed without prejudice. To the extent plaintiff believes he can cure the defects in Count II, plaintiff is granted leave to file an amended complaint within 45 days.

ENTER:

_George M. Marovich_
George M. Marovich
United States District Judge

DATED:02/14/06